# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**KOSSEN EQUIPMENT, INC.**                                                                             **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 3:08cv219 DPJ-JCS**

**GREG PALIARO AND REAGAN**
**EQUIPMENT CO., INC.**                                                                    **DEFENDANTS**

## ORDER

This dispute regarding a non-compete agreement is before the Court on Plaintiff Kossen Equipment, Inc.'s Motion for Reconsideration [37]; Defendant Greg Paliaro's Motion for Summary Judgment [60]; Plaintiff's Motion for Discovery Extension and Motion Deadline Extension [62]; and Defendant Greg Paliaro's Motion for Leave to File Surrebuttal Memorandum [68]. The Court finds as follows:

### I. Plaintiff's Motion to Reconsider

On December 9, 2008, the Court read its findings regarding Defendant Reagan Equipment Co., Inc.'s ("Reagan") motion to dismiss into the record during a telephonic hearing. In its ruling, the Court found that Plaintiff failed to address Reagan's argument that it was not bound by the choice of law provision in the contract between Plaintiff and Defendant Paliaro. Plaintiff now contends that it opposed Reagan's argument in response to Reagan's first motion to transfer and that relevant authority supports its position. The Court, having considered the parties' submissions and applicable authorities, finds that Plaintiff's motion should be denied.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to

present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). Finally, "[t]hese motions cannot be used to raise arguments which could, and should, have been made before the judgment issued [or to] . . . argue a case under a new legal theory." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005) (citations omitted).

Plaintiff first claims that it raised the choice of law argument in response to Reagan's first motion to dismiss. Having carefully reviewed Plaintiff's submissions, no such argument is apparent.[1] Plaintiff now concedes that it "perhaps should have been clearer on the point," suggesting that although it did not specifically address the choice of law provision in its previous submissions, it nevertheless contended that Reagan was bound by the entire contract. Later in the same brief, Plaintiff clarified that it "is not contending that Reagan is bound by each and every contractual provision," just those "core provisions" such as choice of law and forum selection. Plaintiff's Rebuttal [39] at 3. Simply stated, Kossen's original memorandum left too much to the imagination. The Court cannot intuit a party's arguments, and it cannot consider new arguments in a motion to reconsider. *See Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007).

Even if Plaintiff properly raised the argument, the Minnesota cases Plaintiff cites do not "squarely address" the issue before the Court, and Mississippi courts have not adopted the

---

[1] The relevant section of Plaintiff's brief, which was in response to Reagan's motion to dismiss, is titled "Reagan is bound by the forum selection clause" and at no point does Plaintiff contend that Reagan is subject to the choice of law provision. Plaintiff's Response [10] at 7-10.

2

standard employed by those courts. *See Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008); *ELA Med., Inc. v. Arrhythmia Mgmt. Assocs., Inc.*, Civ. No. 06-3580 (JNE/SRN), 2007 WL 892517, at *6 (D. Minn. Mar. 21, 2007); *Titan Indemnity Co. v. Hood*, 895 So. 2d 138, 148 (Miss. 2005). Plaintiff also relies on *Hood*, in which the Mississippi Supreme Court addressed "transaction participants," noting that "[h]aving enjoyed the benefits provided by the [contract], [the nonsignatory] will not now be allowed to disavow its terms, including the forum selection clause." 895 So. 2d at 148-49. Reagan was not a transaction participant, has not received benefits from the Kossen/Paliaro contract, nor has it affirmatively taken advantage of it by filing suit. *Cf. id*; *ELA Med.*, 2007 WL 892517 at *6 (finding "[p]erhaps most importantly, [the nonsignatory] . . . expressly sought 'a judicial declaration'" of its rights under the contract).[2] Because Plaintiff has not demonstrated that Rule 59(e) relief is appropriate, its motion for reconsideration is denied.

## II. Defendant's Motion for Summary Judgment

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party

---

[2] Plaintiff also asserts that *Grigson v. Creative Artists Agency L.L.C.* supports the application of the "intertwined claims" theory of equitable estoppel in this matter. 210 F.3d 524, 527 (5th Cir. 2000). However, the Fifth Circuit has explained that *Grigson* "applies only to prevent 'a signatory from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 361 (5th Cir. 2003) (quoting *Thomson-C.S.F., S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)); *see also MAG Portfolio Consultant, GMBH v. Merlin Biomed. Group LLC*, 268 F.3d 58, 63 (2d Cir. 2001) (finding that signatory could not use estoppel to bind nonsignatory to a contract provision based on its close relationship to a signatory party); *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 202 (3d Cir. 2001) (same).

is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

B.  Analysis

Defendant Paliaro has moved for summary judgment alleging that Kossen has failed to prove that it suffered losses as a result of Defendant's alleged breach of contract. In a breach of contract action, the plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach of the contract by the defendant; and (3) monetary damages. *Favre Property Management, LLC v. Cinque Bambini*, 863 So.2d 1037, 1044 (Miss. Ct. App. 2004) (citing *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992)). Paliaro's motion does not address the first two elements of the breach of contract claim.[3] Because Defendant has the initial burden of demonstrating that no

---

[3] Paliaro contends for the first time in rebuttal that he does not concede the first two elements of the breach of contract claim.

material issues of fact remain, the Court's inquiry is limited to the issue of damages.

Despite Paliaro's contentions, Plaintiff has demonstrated a triable issue of fact with respect to damages. The confidentiality agreement provides that "Kossen shall be entitled to recover its reasonable litigation costs and expenses, including reasonable attorney fees" in any action based on the agreement. Paliaro contends that Kossen has not disclosed a calculatation of those damages under Rule 26(a)(1), which is true. However, the prayer for attorney's fees appears in the original Complaint so notice was provided. Moreover, such damages are ongoing as is the duty to supplement. Because Plaintiff has established that it is entitled to damages if Paliaro in fact breached the agreement, Defendant's motion for summary judgment is denied.

### III.     Plaintiff's Motion to Conduct Additional Discovery

Plaintiff requests a thirty day extension to the discovery period following the Magistrate Judge's telephonic conference, or, alternatively seeks additional time for discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Paliaro asserts that Plaintiff had ample time to conduct discovery or request an extension and that Plaintiff has failed to demonstrate its need for Rule 56(f) relief. Rule 56(f) relief is moot, but the discovery period will be extended for thirty (30) days from entry of this order to allow Kossen to depose Defendant Paliaro and his current employer. Although Paliaro is correct with respect to the passage of time, this is the first request for an extension, there is no apparent bad faith, and no prejudice in allowing a single, limited extension of the discover period. Because Magistrate Judge concluded that Kossen lost no sales to Reagan during Paliaro's employment at Reagan, Kossen will not be permitted to

depose a Reagan representative.[4]

**IV.    Injunctive Relief**

Finally, Plaintiff seeks a preliminary injunction preventing Plaintiff from working in violation of the agreement. However, the Court finds that a hearing is necessary to rule on Plaintiff's request. Accordingly, the Court will take up Plaintiff's request for injunctive relief at a hearing to take place in conjunction with the previously scheduled pre-trial conference on September 4, 2009.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider [37] is denied; Paliaro's Motion for Summary Judgment [60] is denied; Plaintiff's Motion for Discovery [62] is granted within the scope described herein; Paliaro's Motion for Leave to File Surrebuttal [68] is denied.

**SO ORDERED AND ADJUDGED** this the 8th day of August, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's rebuttal seeks to strike Paliaro's response in its entirety as untimely, but the Court finds the request and Paliaro's motion to file a surrebuttal [68] moot.